**KLEIN v. UNITED STATES.**

No. 8370.

United States Court of Appeals
District of Columbia.

Argued March 26, 1945.

Decided April 30, 1945.

Mr. William J. Powers, of Chicago, Ill., pro hac vice, by special leave of court, with whom Mr. James J. Laughlin, of Washington, D. C., was on the brief, for appellant.

Mr. Philip R. Miller, Special Attorney Department of Justice, of Washington, D. C., with whom Messrs. O. John Rogge and Joseph W. Burns, Special Assistants to the Attorney General, were on the brief, for appellee. Mr. Edward M. Curran, United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and LAWS* and MORRIS,* Associate Justices.

PER CURIAM.

This also is a contempt proceeding growing out of the trial of the so-called "Sedition Case." See Laughlin v. United States, No. 8757, —— App.D.C. ——, 151 F. 2d 281, and Jones v. United States, No. 8778, —— App.D.C. ——, 151 F.2d 289, decided today.

Appellant, a New York attorney, was of counsel for one Sanctuary, a defendant in that trial. James J. Laughlin, Esquire, of the District of Columbia Bar, was his attorney of record.

The trial had begun in April, 1944, and on the following June 29th had reached the point where the introduction of evidence had been commenced by the prosecution. On that day the court adjourned to the following July 5th. Shortly after the court rose (June 29th) appellant returned to his home in New York City and at the conclusion of the adjournment (July 5th) failed to return. On that day Mr. Laughlin, for reasons which the court deemed sufficient, was expelled from the courtroom by the presiding Judge and denied the right to participate further in the trial. As a result, the court was obliged to appoint other counsel to represent Sanctuary. At various times from July 5th to July 14th the Judge inquired of Sanctuary if he had arranged to substitute new counsel of his own selection, and was informed by him that he had not. The court then directed him to communicate with appellant and urge his return, and in the meantime the court appointed as *locum tenens* one or another of counsel in the case. On July 14th, appellant not having returned, the court, upon its own motion and on motion of counsel for the Government, entered an order under Section 268 of the Judicial Code, 28

---

* District Judges sitting by designation.

U.S.C.A. § 385, directing appellant to show cause on the 21st day of July why he should not be adjudged in contempt. The order recites that it is entered "Upon the annexed petition of O. John Rogge and Joseph W. Burns, Special Assistants to the Attorney General of the United States, and upon the Court's own motion." And the petition, in turn, charges:

"* * *

"3. That Henry H. Klein, who represented himself to the Court to be a member of the bar of the State of New York, with an office at 261 Broadway, New York, New York, requested and was granted permission by the Court to appear as counsel for said Eugene Nelson Sanctuary.

"4. That the said Henry H. Klein, pursuant to the permission granted, did appear at said trial on April 17, 1944, and did continuously thereafter until July 5, 1944, appear at said trial and represent said Eugene Nelson Sanctuary.

"5. That on or about July 5, 1944, while said trial was in session and not completed, the said Henry H. Klein filed with the Court a document entitled 'Exceptions, Objections, and Motions,' a copy of which is attached hereto, in which he stated that because of the rulings of the Court in said case, his disagreement therewith, and the refusal of the Court to change them, he would withdraw from further participation in the case and that he would refuse to continue as counsel for the defendant Eugene Nelson Sanctuary. And in pursuance of his purpose, on July 5, 1944, without leave of Court, the said Henry H. Klein wilfully and abruptly abandoned and deserted his client, the said Eugene Nelson Sanctuary, although he was still on trial charged with a serious crime, and although as the said Henry H. Klein well knew, the trial of the said criminal case could not proceed without the defendant Eugene Nelson Sanctuary having the assistance of counsel.

"6. That the said trial has continued on July 6, 7, 10, 11, 12, and 13, but the said Henry H. Klein has refused and continues to refuse to appear in said court to represent said Eugene Nelson Sanctuary."

Under the order referred to above appellant was arrested in New York and, after a hearing before a United States Commissioner there, was ordered transferred to the District of Columbia. In due time thereafter the present proceeding was begun before Judge Eicher. At that time, addressing himself to appellant, the Judge made the following statement, delimiting the scope of the hearing. He said:

"The Court, in reading the petition that was presented by Government counsel, noted at that time and notes now that the sole ground of the present proceeding is your absenting yourself without leave and refusing and continuing to refuse to appear and represent your client."

Section 268 of the Judicial Code, Title 28 U.S.C.A. § 385, provides as follows:

"The courts * * * shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: *Provided,* That such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

▮ Obviously, this statute limits the power of federal courts summarily to punish for contempt to three classes of cases, —(1), misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice; (2), misbehavior of officers of the court in their official transactions; and (3), disobedience or resistance by any person to any lawful writ, process, order, rule, decree or command of the court.

Accordingly, in the present case the proceeding with which we are here concerned could have been maintained only under (1) or (3) of the named sub-divisions. For clearly (2) is inapplicable. That it was not brought under (3) is apparent, since it is not claimed or shown that at any time there was entered by the court any lawful writ, process, order, rule, decree or command in relation to this subject. And that it was brought under (1) is, we think, definitely shown by the charge in the petition, supplemented by the preliminary statement of the court to which we have referred. Considered in this view, it is apparent the only question is whether appellant's conduct in refusing to return to

Washington and resume his place at the trial table may be considered to be "misbehavior in the presence of the court, or so near thereto as to obstruct the administration of justice."

We think this question is answered by the opinion of the Supreme Court in Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172. That was a case in which the plaintiff in a damage suit was persuaded by Nye, a member of the family of the defendant in the damage suit, through "the use of liquor," to seek a termination of the action. As a result of his persuasions the plaintiff wrote and delivered to Nye, for posting, a letter to his counsel, and a letter to the Judge, informing each of his desire to have the case dismissed. The letters were posted a hundred miles from the seat of the court. Upon investigation, the court found that Nye's participation in the matter was for the express and definite purpose of preventing the prosecution of the civil action and with intent to obstruct and prevent the trial of the case on its merits, and that in these respects he had obstructed and impeded the due administration of justice, causing a long delay, several hearings and enormous expense. It accordingly held his conduct misbehavior so near the presence of the court as to obstruct the administration of justice, and adjudged him guilty of contempt. The Court of Appeals affirmed, but the Supreme Court reversed on the ground that while Nye's conduct was contumacious and tended to disturb the judicial process and impede the administration of justice, it was not such as could be reached through the summary procedure of contempt (and this, notwithstanding the receipt by the Judge of the letter in his office in the courthouse).

 "The question," the Supreme Court said, "is whether the words 'so near thereto' have a geographical or a causal connotation." In the light of the history of Section 268, which was intended to limit sharply the powers of the courts to punish contempts by summary proceedings, the Court concluded that the words are "to be construed as geographical terms." Id. 313 U.S. at page 48, 61 S.Ct. 815, 85 L.Ed. 1172.

If, instead of the narrow charge of refusing to return and continue in the case upon the reassembling of the court after a five day recess, appellant were charged with wrongfully walking out of the trial and abandoning his client while the court was sitting, we would have a different case, doubtless requiring a different answer. But here, as we have pointed out, appellant left the courthouse on the adjournment of court on the afternoon of June 29th. Unquestionably, he was then free to go or come as he pleased, his only obligation to the court and to his client being to return when the court reconvened. At that time he was in New York. His subsequent misbehavior, as charged and as Judge Eicher pointed out at the hearing, was his "refusing and continuing to refuse" to return. That his conduct in this respect was inexcusable and contumacious there can be little, if any, question, but that this offence occurred in the presence of the court, or so near thereto as to obstruct the administration of justice, seems to us wholly unsustainable.

"* * * The petitioner [contemnor] himself was absent. His acts ad interim were likewise absent. His doings went with him. It would seem like an exquisite and palpable contradiction of terms to complain in one breath that the petitioner [contemnor] and his acts were absent, and in the next breath to say that such absence constituted a presence; that is, a contempt committed in the presence of the court." Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 997, 15 L.R.A.,N.S., 389. And see State v. Winthrop, 148 Wash. 526, 269 P. 793, 795, 59 A.L.R. 1265, and cases cited therein.

Hence it follows, as in the Nye case, that if appellant is to be punished for his gross misconduct, it must be under some other provision of law.

Reversed.