**In the Matter of John G. SAUL, Appellant.**

No. 2796.

Municipal Court of Appeals for the District of Columbia.

Argued May 22, 1961.

Decided June 22, 1961.

John G. Saul, Washington, D. C., pro se.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellant, a local attorney, was fined fifty dollars for contempt of court.[1] He appeals.

The alleged contempt arose from the following circumstances: In March 1960 appellant filed suit for a limited divorce on behalf of his client Catherine A. DeHart. Issue was joined and three months later the case was dismissed because of the reconciliation of the parties. In September appellant filed a motion to reinstate and the case was set for trial on the merits. On the morning of the trial appellant appeared at the clerk's office of the Domestic Relations Branch and was directed to report to Courtroom No. 8. When he arrived there, he found Mr. DeHart, his attorney, and an out-of-town witness waiting. Appellant admitted that he had failed to notify Mrs. DeHart of the trial date and said he would call her. He then left the courtroom and went to the jury assignment office. Without disclosing that he had already been assigned the DeHart case, he became involved in a jury action. In the meantime, the divorce case got under way without appellant; his client later arrived, and participated in the proceedings, which ended in a dismissal of her complaint.

On November 22 the judge issued a rule to show cause why appellant should not be held in contempt for "wilfully and deliberately absenting himself from a matter assigned and ready for trial." At the subsequent hearing, appellant's defense was excusable neglect. He apologized for his conduct and the harm done his client. At

1. Code 1951, § 11–756(c) provides: "The Municipal Court for the District of Columbia * * *, and any judge thereof shall have the power in any case or proceeding whether civil or criminal to punish for disobedience of any order, or contempt committed in the presence of the Court by a fine not exceeding $50 or imprisonment not exceeding thirty days."

the conclusion of the hearing, the fine was imposed.

On appeal, appellant's main contention is that the trial judge abused his discretion in imposing a fine following appellant's apology. We find no merit to this contention. We think from an examination of the entire record that appellant's conduct was without reasonable excuse, that it interfered with the proper conduct of the court's business, and that so far as appellant's client was concerned, tended to embarrass the administration of justice. We hold that the trial court's action was justified.

Affirmed.