**In the Matter of John A. SHORTER, Jr., Appellant.**

**No. 4294.**

District of Columbia Court of Appeals.

Argued Nov. 6, 1967.

Decided Dec. 27, 1967.

William C. Gardner, Washington, D. C., with whom Theodore R. Newman, Washington, D. C., Jr., was on the brief, for appellant. John A. Shorter, Jr., Washington, D. C., appellant, also entered an appearance.

Richard W. Barton, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and John R. Hess, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

PER CURIAM.

The facts in this appeal, which arises from an adjudication of appellant for contempt, are not in conflict.

As attorney for the defendant in a criminal case, appellant was scheduled to appear with his client for sentencing before a trial judge in the Court of General Sessions on a Friday morning. When the case was called shortly after ten o'clock, appellant's client had not yet appeared. The court, therefore, granted counsel's request that he be excused to attend to other matters pending in the United States District Court, but with the specific understanding that he return at 11:30 a. m. Appellant did not, however, return at the designated time or later that day.

The record reflects that when appellant was excused, he went to the District Court, where he became involved in matters before two different judges. These detained him until 1:10 p. m., at which time he returned to the Court of General Sessions; but instead of reporting to the trial judge or informing him of his whereabouts, appellant appeared before another judge for a scheduled hearing on a motion. That hearing was transferred to a third judge and was concluded at approximately four o'clock, at which time appellant returned to his office.

Later in the day appellant was advised by both the trial judge's clerk and the Assistant Corporation Counsel that the sentencing was reset for Monday morning. The latter also informed appellant of the possibility of a contempt action against him. Appellant testified that at some unspecified time after he had returned to his office, he telephoned the chambers of the trial judge and was told that the judge had left for the day. It appears, however, that the judge was on the bench until 6:30 p. m. Appellant admitted that the only effort he made to contact the trial judge prior to returning to his office was to request his client, whom he met mid-day in the court house corridor, to apprise the judge that he was engaged in motions before other judges.

To compound his neglect, on Monday morning, instead of appearing for the scheduled sentencing, appellant, again with-

out notifying the trial judge or obtaining leave to fulfill other commitments, went to District Court to conclude a case which had been continued from an earier date. Not until the lunch recess on Monday did appellant ultimately present himself to the trial judge.

As a result, the court issued an order directing appellant to show cause why he should not be held in contempt. At the hearing thereon, appellant, in exculpation, pleaded that he had not intentionally neglected to return and that his failure to do so was the consequence of a busy schedule and an oversight. The trial judge found appellant's explanation unacceptable. He ruled that his conduct disrupted the court, caused the court embarrassment in terms of handling its calendar, and constituted contempt of court; and he imposed a fine of fifty dollars or one day.

Admittedly, appellant had a crowded schedule, but he was remiss. We find no justification for his neglecting to contact the trial judge to either explain his failure to return as directed or seek leave to be further excused. The predicament in which appellant now finds himself might well have been averted. Had he informed the trial judge or the other judges of the conflicts in his court appointments, he might have been able to rearrange or postpone his various scheduled appearances. A judge is not unmindful that conflicts do occur and will try, as the trial judge did when he excused appellant Friday morning, to accommodate the demands of an attorney's schedule and of another judge's calendar; but there is a duty upon counsel to be considerate of the court and obedient to its directives.

Upon these facts, the trial judge was justified in finding that appellant's conduct disrupted the regular business of the court and was without reasonable excuse.[1]

Affirmed.

1. This case is similar in principle to In Re Saul, D.C.Mun.App., 171 A.2d 751 (1961).