People of the State of Illinois, Plaintiff, v. Abe Rice, Defendant.
People of the State of Illinois, Petitioner-Appellee, v. Delars J. Bracy, Respondent-Appellant.

Gen. No. 10,902.

Fourth District.

June 12, 1968.

Rehearing denied July 10, 1968.

R. Eugene Pincham, Earl E. Strayhorn, Charles B. Evins, and Sam Adam, of Chicago for appellant.

John J. Bresee, State's Attorney, of Urbana, for appellee.

TRAPP, J.

Respondent appeals from an order finding that he wilfully and contumaciously failed to appear in court upon the date set for trial of one Rice, charged with forgery. The court imposed a fine of $100 for criminal contempt.

The essential question is whether the respondent was, in fact, properly considered an attorney of record for the defendant Rice upon the indictment to be tried. The issue is created through the following facts upon which there is no substantial dispute. Respondent is an attorney residing and practicing law in Cook County. Rice and two others were arrested upon complaints charging forgery and respondent made appearance in the magistrate division of Champaign County in behalf of such defendants on November 21, 1966, apparently as the result of the efforts by the family or a friend of defendant, Rice. Motions for the reduction of bonds were subsequently made and on November 29th respondent participated in the preliminary hearings before the magistrate, at which time defendants were bound over to the grand jury. Respondent, thereafter, filed habeas corpus proceedings in behalf of each defendant in the general division of the circuit court to reduce the bonds. An indictment was returned as to Rice on December 20, 1966, and arraignment was set for December 28, 1966. Respondent received notice, apparently in the form of a letter, from the State's Attorney, but did not appear at the arraignment. Respondent admitted that he had made no motion to withdraw as counsel following the indictment, and that there was no oral or written advice to the defendant Rice that he would not appear to defend.

254

On February 23, 1967, the Rice indictment was set for trial on March 13th, and on February 27th the State's Attorney's office sent a letter:

" . . . mailed according to an affidavit of mailing attached thereto, to Abe Rice and Delias (sic) C. Bracy."

This letter is not in the record.

On March 9th, in a telephone conservation with the Assistant State's Attorney handling the Rice matter, respondent stated that he was not representing the defendants upon the indictments. In a statement to the court made on March 13th, the Assistant State's Attorney characterized respondent's statement that he was not defending Rice as clear and definite, and further advised that respondent had so told a member of Rice's family or a friend.

The record shows a statement of the Assistant State's Attorney that he advised the court on March 10th of respondent's position, although the court's finding is that the court was first advised that respondent was not appearing, in a telephone conversation on March 14th. In the telephone conversation on March 9th, the Assistant State's Attorney stated to respondent that in the former's opinion he was still bound to defend the cases.

On March 13th, the Rice indictment was called for trial, with jurors on hand, but respondent was not present. The trial was recessed while a telephone call was placed to his office, but respondent was absent and the call was not returned that day. Thereupon the court, by docket entry, ordered a citation returnable on March 16th to issue requiring respondent to show cause why he should not be held in contempt for failure to appear for the trial of Rice.

Upon March 14th, respondent returned the telephone call made by the trial judge on the previous day, at which time he advised that he did not represent Rice.

255

■ It is not helpful to discuss at length the opposing views of the briefs as to whether or not these proceedings should be classed as direct or indirect contempt. It is apparent that the trial judge was required to consider extrinsic evidence as to matters of fact not within his personal knowledge so that the requirements of due process were invoked, i. e., reasonable notice, the right to counsel, pleadings as appropriate and the examination of witnesses. People v. Skar, 30 Ill2d 491, 198 NE2d 101; People v. Buster, 77 Ill App2d 224, 222 NE2d 31; People v. Gholson, 412 Ill 294, 106 NE2d 333.

While the record shows receipt by respondent on March 16th of the clerk's notice setting the citation for that morning, and that he thereafter travelled to Champaign to appear at such hearing, it also appears that he was advised by a telephone conversation with the trial judge on the morning of March 14th that a citation had issued and that he should appear on March 16th. He appeared without counsel. There was no motion for continuance for purposes of preparing an answer or other appropriate pleading, and no request that witnesses be sworn or cross-examined. He made no objection to proceeding through statements by himself and the Assistant State's Attorney to the court, and by colloquy between the court and himself. Under such circumstances no issue of due process was preserved upon review.

It is the position of the trial judge that:

"So far as this case of Abe Rice is concerned this is a continuing matter on the docket sheet. . . . it starts with November 18, 1966. . . . on November 21st, it was called by agreement and you were down here. This was the first appearance, your first appearance here so far as the docket entries show."

Neither the order of the trial court, nor any reference in the record, announces any statute or published rule providing the procedure employed in Champaign County.

Respondent stated to the court that he had not appeared for trial on March 13th, because it was his experience in the procedure in his own community, and his understanding of the law that after the return of the indictment of Rice he would be required to make a new appearance for the purposes of the disposition of that matter, and that following indictment he had made no appearance and had taken no steps to represent the defendants.

Without discussing the practice whereby notice of trial settings are dispatched through the office of the State's Attorney, it is noted that the record relating to the letter setting the trial date appears to have been sent to Rice and the respondent. It does not appear in the record whether such letter was, in fact, principally addressed to Bracy as attorney. The record further shows that the arraignment of Rice, scheduled for December 28, 1966, was not had on such date, and had not, in fact, been disposed of on the date the case was called for trial. Timely arraignment proceedings would, no doubt, have clarified the question of the representation of Rice. Chapter 38 § 113–3, Ill Rev Stats.

A review of the statutes and Supreme Court rules discloses that respondent's understanding of the status was not ill-founded. Chapter 38, Ill Rev Stats provides and defines the procedure of a criminal prosecution: § 2–16 defines a "prosecution" and states that it commences with the filing of an indictment or information; § 102–17 limits the "preliminary examination" in evidence in this record to the determination of probable cause. Article 109 of the Code of Criminal Procedure provides the scope and nature of a preliminary examination. The published Committee Comments, § 109–3, Smith Hurd Annotated Statutes state:

> "The preliminary examination is not a trial of the issue of guilt or innocence, nor is it considered any part of the trial."

It is admitted in oral argument that if the magistrate had found no probable cause, upon a subsequent return of an indictment in Champaign County, respondent would not have been considered to be Rice's attorney. Section 113–3 provides for arraignment procedure following an indictment, and provides specifically for time for an accused to procure counsel, or for the appointment of counsel by the court.

Supreme Court Rule 401 (in 1966 designated Rule 26) provides that if there is no waiver of indictment by an accused, the court shall order the information or complaint stricken, granting leave to proceed by indictment. The record is not clear whether this procedure was followed below, but the Rule suggests that the indictment is not a continuing proceeding upon the complaint filed.

Illinois authorities upon instances where lawyers had been held in contempt for failure to appear, for or during trial, include People v. McDonnell, 377 Ill 568, 37 NE2d 159; and People v. Buster, 77 Ill App2d 224, 222 NE2d 31. In McDonnell the attorney had commenced the trial of a case, procured the granting of a recess for other business, and then failed to return, with the result that a mistrial ensued. The reasons given in explanation were characterized by the Supreme Court as fantastic. In Buster the lawyer procured the entry of his appearance following the filing of an information and had consistently negotiated, by letter and telephone, with the State's Attorney in his representation of the defendant, had requested continuance of trial dates and reaffirmed his appearance following the setting of a second trial date. Such facts were deemed consistent with representation in a pending matter.

Such authorities do not illuminate the present issue as to whether Bracy is properly considered an attorney of record for the defendant Rice following the latter's indictment.

258

It is apparent that different issues might arise if the record showed that counsel had, in fact, participated in the local practice, or was explicitly alerted to his asserted status of attorney of record. This opinion does not, in any way, approve of respondent's neglect to promptly clarify his status upon receipt of copies of letters from the State's Attorney.

The "docket sheet practice" in Champaign County cannot be ascertained from the provisions of the criminal statute, or the published rules. The record fails to disclose that letters from the State's Attorney relating to an arraignment date, or a trial date, addressed to the defendant and respondent, or with a copy to respondent, are such a sufficient notice of a local rule as to justify invoking the stern proceedings in contempt. Respondent's admission that he had filed no motion for leave to withdraw as counsel, either before or after receipt of one or more letters from the State's Attorney, does not constitute admission that he was properly considered an attorney of record following the indictment of Rice.

■ The rejection of respondent's explanation of his failure to appear was an abuse of discretion, and the trial court erred in holding respondent in contempt. People v. Mulliken, 41 Ill App2d 282, 190 NE2d 502.

Reversed.

SMITH, P. J. and CRAVEN, J., concur.