**People of the State of Illinois, Plaintiff-Appellee, v. Abe Rice, Defendant-Appellant.**

**Gen. No. 10,962.**

Fourth District.

June 3, 1969.

John Gambill, of Rantoul, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, for appellee.

TRAPP, P. J.

Defendant appeals his conviction following a jury trial upon an indictment for forgery. He was sentenced for a term of 8 to 14 years.

At issue is whether the failure to place the defendant on trial within 120 days from the date taken into custody, as required by chapter 38, section 103–5, Ill Rev Stats 1965, resulted from a delay "occasioned by the defendant."

Defendant was arrested on November 18, 1966, and was indicted on December 20, 1966, following a preliminary hearing. The record shows that the arraignment set for December 28, 1966, was not consummated. On February 23, 1967, the case was set for trial on March 13, 1967.

Much of the factual background was set out at length in our opinion in People v. Rice, 96 Ill App2d 253, 238 NE 2d 266 (4th Dist 1968), wherein this court held that the trial court erred in finding one Bracy, a lawyer, in contempt of court, when he did not appear on the trial date, March 13, 1967. This court determined that the fact that Bracy, an attorney practicing in Chicago, had appeared for the defendant at a preliminary hearing and in a proceeding to reduce bail did not constitute him an attorney of record in the matter of the subsequent indictment of the defendant where Bracy had not entered his appearance at arraignment or otherwise. It was considered a significant factor that there had been no arraignment of the defendant as of that trial date.

The report of proceedings shows that on March 13, 1967, the case was called by the court without a jury. Bracy did not appear. Following a colloquy among the court, the State's Attorney and the defendant, there were one or more attempts to reach Bracy by telephone. Thereafter the court ordered a citation to issue against

214

Bracy returnable March 16. During this time, the State's Attorney advised the court that on March 9, Bracy had stated that he was not an attorney representing defendant. The State's Attorney also suggested that the defendant be arraigned.

Bracy appeared on March 16 in response to the citation, and protested that he was not in contumacious contempt in that in his experience he would be attorney of record for defendant only following an appearance after the indictment of the defendant. The report of proceedings discloses that in a telephone call on March 14, Bracy advised the court that he was not an attorney for the defendant.

Despite the fact that Bracy was held in contempt for failure to appear, the report of proceedings shows that the court stated, "I take it your position still is that you are not attorney for Abe Rice." Thereafter the court granted Bracy's motion for leave to withdraw. The court thereupon appointed the public defender to represent the defendant. At this time defendant inquired of the court whether or not he was to be bound over to the grand jury, and was advised that an indictment had already been returned.

During this portion of the proceedings the State's Attorney advised the court that the statutory period of 120 days would expire on March 18. The court stated that the jury would not be available on March 17 and there is basis in the record for concluding that the jury had been excused from reporting until March 20.

On March 17, defendant appeared in court with the public defender and the State's Attorney. The record recites that he stated to the court that he did not want an attorney. When the court suggested appointing other counsel, defendant replied that he did not want any attorney. Thereupon defendant was furnished a copy of the indictment and a list of witnesses. He pleaded not guilty and stated to the court that he was ready to go to

215

trial. The court vacated the appointment of the public defender and set the case for trial on Monday, March 20, which was the second day following the expiration date of the 120-day period.

On March 20 defendant appeared and made an oral motion for discharge under chapter 38, section 103–5, Ill Rev Stats 1965. The motion was denied. Defendant then asked to procure his own counsel and moved to vacate the trial date. On March 27 defendant advised that he had not obtained counsel and the court indicated that it would appoint counsel for the defendant. The court on this date made a finding of an understanding waiver of counsel and continued the case for trial on April 10. On the latter date the defendant requested appointment of counsel other than the public defender and the present counsel was appointed. The latter made a written motion for discharge pursuant to the statute. This motion was denied.

Prior to the trial, defendant renewed his motions for discharge and tendered evidence that he had been in jail since November 18, 1966, and that he had neither made a motion for continuance nor authorized one to be made in his behalf. The People v. Jones, 33 Ill2d 357, 211 NE2d 261 (1965); People v. Terlikowski, 83 Ill App2d 307, 227 NE2d 521 (3d Dist 1967).

The essential argument of the State's Attorney upon the issue is that the delay was occasioned by the failure of "defendant's attorney" to appear on March 13. This assumption was found wanting in our opinion in People v. Rice, 96 Ill App2d 253, 238 NE2d 266 (4th Dist 1968). That opinion considered the statutes concerning the function of an arraignment in establishing the proper representation of a defendant.

While the State's Attorney argues that the notice of the arraignment for December 28, 1966, was ignored by the attorney, Bracy, such circumstance actually is a form of advice that Bracy was not serving as attorney of

record. The fact that the State's Attorney mailed a notice of a trial date to an attorney who had not entered an appearance at an arraignment or otherwise following indictment is hardly a basis for charging a delay to the defendant. The record also shows that a copy of the same notice was also sent to another Chicago attorney. He does not otherwise appear in the proceedings.

Again, the State's Attorney was advised on the 9th of March that Bracy was not serving as an attorney in the case, and such fact was reported to the trial judge on March 10. Nothing intervenes in the record until the trial date, March 13, when the want of representation was demonstrated.

We are impressed with the issue of constitutional due process in the sense of fundamental fairness in procedure in this case. The People v. Finn, 17 Ill2d 614, 162 NE2d 354 (1959). Such is exemplified in the proceedings when on March 16, the State's Attorney suggested that the case be set for trial on March 17 so that defendant could ask for a continuance, as it was assumed that he would be required to do. At such time defendant had not been arraigned.

In this court, the State's Attorney argues that the motion by defendant to proceed without counsel on March 17 following his arraignment on that date was a ploy designed to create delay and to embarrass the court, and was not in the expression of a bona fide desire to proceed to trial. Suffice it to say that on that date, appointment of the public defender was vacated by the court, and subsequently on March 27, the court made a further finding of a knowing waiver of counsel.

██ The Supreme Court has repeatedly stated that the statute at issue is designed to implement and insure rights arising under the Constitution. The People v. Moriarity, 33 Ill2d 606, 213 NE2d 516 (1966) ; The People v. Bryarly, 23 Ill2d 313, 178 NE2d 326 (1961). The role of the prosecutor as an architect of the proceeding should

217

comport with constitutional and legislative objectives. Brady v. Maryland, 373 US 83, 83 S Ct 1194, 10 L Ed2d 215, 219 (1963). Practices in prosecution which result in compelling, or seeking to compel, the waiver of constitutional and legislative requirements are unfair in the administration of justice.

■ It seems clear that on and after March 13 the State was not prepared to proceed to jury trial until March 20 for the reason that the jury had been excused. Our Supreme Court has held that the statutory period is not extended by the fact that the last day of such period falls on a Saturday, as was the fact in this case. The People v. Shaw, 24 Ill2d 219, 181 NE2d 120 (1962).

■ In The People v. House, 10 Ill2d 556, 141 NE2d 12 (1957), and The People v. Wyatt, 24 Ill2d 151, 180 NE2d 478 (1962), the court at arraignment suggested a continuance or made such continuance on its own motion. These cases hold that such delay in prosecution was not chargeable to the accused. The criterion or test established by the Supreme Court is whether the act of the defendant in fact contributed to cause the delay, or created the necessity for the postponement of the trial. The People v. Fosdick, 36 Ill2d 524, 224 NE2d 242 (1967); The People v. Bagato, 27 Ill2d 165, 188 NE2d 716 (1963); The People v. Iasello, 410 Ill 252, 102 NE2d 138 (1951).

■ We have examined the facts of this case in the light of the language of the Supreme Court in The People v. Denham, 33 Ill2d 599, 213 NE2d 539 (1966). In that case private counsel failed to appear at trial. The judgment was actually affirmed by reason of the fact that trial was within four months of the date of incarceration as distinguished from the contention that the newer 120-day statute governed. In considering the contention of the defendant that he had been deprived of the effective representation of counsel, it was noted that at arraignment defendant asserted that he had private counsel, and when the public defender was appointed defend-

ant renewed his assertion and did not co-operate with the public defender in the preparation of the case. Private counsel failed to appear for trial which was apparently set for the last day of the four-month period. When the court appointed counsel, defendant refused to permit the attorney's motion for continuance, and thereafter claimed a constitutional defect, i. e., a denial of effective representation.

The facts in this case are distinguished in that on February 23, 1967 when the case was set for trial, the defendant had made no assertion of private counsel at arraignment, for there had been neither an arraignment nor a waiver thereof. Ill Rev Stats 1965, c 38, § 113–6. While the court appointed counsel on March 16, such appointment was vacated at defendant's request on March 17 and it does not appear that such appointment did in fact cause delay. The People v. Iasello, 410 Ill 252, 102 NE2d 138 (1951); The People v. Shaw, 24 Ill2d 219, 181 NE2d 120 (1962). Here the case was set to a date beyond the statutory period upon the court's own motion.

The record discloses no motion by defendant for continuance from the date of the belated arraignment on March 17, 1967, and no acquiescence in the continuance of the case until a date later than the expiration of the statutory period. The State's Attorney and the court have the means and authority to provide orderly procedure, including arraignment of the accused in apt time for a trial to be held under the provisions of the statute. Such was not done in this case. People v. Hatchett, 82 Ill App2d 40, 226 NE2d 97 (5th Dist 1967).

The petition for rehearing and the brief in support thereof filed by the State's Attorney relies upon issues not raised in this Court upon the appeal as originally presented by that office. No argument was made, no authority was supplied and we were not asked to consider the effect of a continuance of three days for obtained private counsel prior to the preliminary hearing.

■ It is noted that a criminal defendant is charged with the waiver of issues which are not presented upon his appeal. Logically, a similar rule is applied to the prosecution. See People v. Kamsler, 39 Ill2d 73, 233 NE 2d 415.

The case is reversed and remanded with instructions to discharge the defendant. The People v. Gray, 33 Ill2d 160, 210 NE2d 486 (1965).

Reversed and remanded with directions.

SMITH and CRAVEN, JJ., concur.