**Grant SYKES, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5042.**

District of Columbia Court of Appeals.

Argued Dec. 8, 1969.

Decided Feb. 4, 1970.

Andrew A. Lipscomb, Washington, D.C., for appellant.

Broughton M. Earnest, Asst. U.S. Atty., with whom Thomas A. Flannery, U.S. Atty., John A. Terry and Axel H. Kleiboemer, Asst. U.S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge.

Appellant a practicing attorney in the District of Columbia, was served with an order to show cause why he should not be held in contempt of court for his failure to appear in the Assignment Branch of the Criminal Division of the District of Columbia Court of General Sessions at a time

when he had a case on the court calendar.[1] Following his hearing appellant was found in contempt and fined. This appeal followed the denial of his motion for a rehearing.

The facts are not in dispute. Appellant was appointed as the attorney for a defendant in a criminal action which came before the court on April 28, 1969. On that date the Government was not ready to go to trial and sought a continuance. At appellant's request, May 8, 1969, was the date set for trial. Appellant made note of this date in his record book but, failing to refer to that notation, he never appeared for trial. Instead, relying upon his memory for his appointments, he appeared and argued a case before the United States Court of Appeals for the District of Columbia Circuit. After leaving that court between 10 and 10:30 a. m., he spent about an hour in a law library. Then, he took care of some business in the Criminal Clerk's office in the Court of General Sessions and, at noon, returned to his office and went to lunch. At about 2 p. m., a stenographer in his office told him of a phone call received that morning from a court, which she had forgotten about, reminding him that he had a case that day. She did not remember who had called, from which court, or concerning which case. Appellant "presumed that it was the [Circuit] Court of Appeals reminding [him] although [he] thought it was strange."

The appellant's main contentions on appeal are (1) that his failure to appear in court was not contempt committed in the court's presence, and (2) that the evidence was insufficient to convict him for contempt. We do not agree, and therefore we affirm.

■ As a general rule, any unexcused absence of an attorney from the courtroom where he has a duty to appear at an appointed time as counsel for a party may constitute contempt of court.[2] In In re Shorter, D.C.App., 236 A.2d 318 (1967) and In re Saul, D.C.Mun.App., 171 A.2d 751 (1961), we have implicitly followed those jurisdictions which have embraced the minority rule that such absence is contempt committed in the court's presence.[3] Today, we explicitly adopt the rule that where an attorney fails to appear in court when he has a duty to do so, "the offensive conduct, to wit, the absence, occurs in the presence of the court"[4] and the unexcused absence may be held to be contempt of court, provided notice and an opportunity to be heard are given, under D.C.Code 1967, § 11-982(a).[5] See In re Shorter, supra; In re Saul, supra. To hold otherwise would leave the trial court virtually powerless, notwithstanding GS Crim.Rule 44 IV C,[6] to deal with attorneys who are lax in their duties to the court.

Elusive attorneys are a recurring problem in trial courts, particularly in calendar departments, a fact of which this court may take judicial notice. [Several] cases of this nature have reached this court in the past decade, and in [some] of those cases there was evidence of repeated offenses by the attorneys held in contempt. [To hold that Attorney Sykes' failure to appear at the appointed hour

1. A judge of the Court of General Sessions "may punish for disobedience of an order, or for contempt committed in the presence of the court, * * *" D.C.Code 1967, § 11-982(a).

2. Annot., 97 A.L.R.2d 431 (1964), and cases cited therein. In a criminal case, it may also lead to an attorney's suspension from the panel of those available for appointment as counsel. GS Crim.Rule 44 IV C (formerly GS Crim.Rule 24 II(c)).

3. Annot, supra n.2 at 457–59.

4. Arthur v. Superior Court of Los Angeles County, 62 Cal.2d 404, 409, 42 Cal.Rptr. 441, 444, 398 P.2d 777, 780 (1965) (in bank).

5. See n.1.

6. See n.2.

was not contempt committed in the presence of the court within the meaning of our statute] would provide insulation to attorneys who now overextend themselves, and encourage them to go further in trying the patience of trial judges through absences which obstruct normal courtroom procedure but border upon being excusable.[7]

Moreover, appellant's reliance on Klein v. United States, 80 U.S.App.D.C. 106, 151 F.2d 286 (1945), is misplaced. There, the court was construing 28 U.S.C. § 385 (1940),[8] which relates to proceedings for contempt committed in a Federal court. In any event, in that case the contemner was cited for refusing to return to the court when ordered to do so. Since the contemner was in New York City at the time the court reconvened, it was held that the act of refusing to return was not committed in the presence of the court within the meaning of Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941). Parenthetically, we note that the court stated in *Klein* that had the charge been different, the result would have doubtless been different. 80 U.S.App.D.C. at 108, 151 F.2d at 288.

 We hold also that the evidence was sufficient to support the court's finding of contempt. Appellant's excuse that his failure to appear was an oversight due to the pressure of other matters was one which the judge did not have to accept. Appellant kept a record book in which he recorded his court appointments but, instead, relied upon his memory in the instant case. He failed to inquire about which court had attempted to contact him, after being told by the stenographer that he had received what he admittedly thought was a strange call. Nor did he at that time check his record book, since he presumed it was the Circuit Court. And, while it may be true that he could not avoid the conflict between court engagements, he did nothing to mitigate the effect of his absence. His failure to appear in the Assignment Court at any time on May 8 because of oversight, neglect, or faulty recollection was inexcusable.

We have considered the other contentions of the appellant and find them without merit.

Affirmed.

7. Arthur v. Superior Court, 62 Cal.2d at 409, 42 Cal.Rptr. at 444–445, 398 P.2d at 780–781.

8. Predecessor of 18 U.S.C. § 401 (1964).