**Grant SYKES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 24008.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 9, 1971.

Decided May 10, 1971.

Mr. Gerald M. Kane, with whom Mr. Reynold J. Bossidy was on the brief, for appellant. Mr. Grant Sykes, appellant pro se, was also on the brief.

Mr. Roger M. Adelman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, Axel H. Kleiboemer, and Broughton M. Earnest, Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN, TAMM and ROBB, Circuit Judges.

PER CURIAM:

The appellant, a member of the bar, was convicted of contempt and fined $25.00 by a judge of the District of Columbia Court of General Sessions (now the Superior Court). He appealed to the District of Columbia Court of Appeals, which affirmed the judgment. Sykes v. United States, 264 A.2d 894 (1970). We granted his petition for allowance of appeal and we reverse the conviction.

The facts are simple and not in dispute. The appellant was appointed attorney of record in a criminal case which on April 28, 1969, at his request, was continued to May 8, 1969, for trial before a judge of the Court of General

Sessions. Appellant entered the date May 8 in the notebook in which he recorded his scheduled court appearances; but on May 8 he did not appear before the judge and the case had to be continued. The judge thereupon issued an order to show cause why the appellant should not be held in contempt of court for his failure to appear.

At the hearing on the rule to show cause the appellant testified that on the morning of May 8 he was scheduled to argue a case before the United States Court of Appeals for the District of Columbia Circuit. Relying on his memory instead of his notebook he went directly from his home to the United States Courthouse, without getting in touch with his office. He testified that he simply forgot that the trial in the Court of General Sessions was scheduled for Thursday, May 8; that he was under the impression that the case was set for the following Thursday, May 15; that his confusion came about because both Thursdays had been mentioned as possible trial dates which were convenient for the arresting officer. The appellant's argument before the United States Court of Appeals was concluded shortly after 10:00 o'clock, and he then went to the Bar Association library where he stayed for about an hour. He went from the library to the clerk's office in the criminal branch of the Court of General Sessions "to look up a paper", then visited his office briefly and, shortly after noon, went to lunch. When he returned from lunch at about 2:00 o'clock his stenographer, a new employee, eighteen years old, told him that she had forgot to tell him that he had received a telephone call that morning from the "court", reminding him that he had a case that day. The appellant asked her who had called but "she was unable to give me any information". The appellant "presumed that it was the Court of Appeals reminding me, although I thought it was strange".

On this evidence the judge, applying D.C.Code § 11–982(a) (1967),[1] found the appellant guilty of contempt. Explaining his ruling, the judge said

"Well, I'm certainly most reluctant to hold an attorney in contempt of court and as far as Mr. Sykes is concerned I've had very favorable experiences. On the other hand, the administration of justice in this court and the District of Columbia generally requires that attornies [sic] and defendants and witnesses and others be present on the scheduled trial date.

\* \* \* \* \* \*

"Well, you have served the court and I do take that into account and, as I say, I was reluctant to find you in contempt of court in the first place because of that but, on the other hand, I simply can not sit by while lawyers just take their appointments and assignments in this court as cavalierly as you apparently did in this case."

The appellant raises two issues: (1) whether his failure to appear may constitute "contempt committed in the presence of the court", and (2) whether the evidence was sufficient to support his conviction for criminal contempt.

■ The District of Columbia Code § 11–982(a) (1967) authorized the judge to "punish \* \* \* for contempt committed in the presence of the court \* \* \*." The decided cases are in substantial disagreement as to whether an attorney commits a contempt "in the presence of the court" by failing to appear at the time and place appointed by the court. See Annot., 97 A.L.R.2d 431

---

1. 11 D.C.Code § 982(a) provides:
   "The District of Columbia Court of General Sessions may compel the attendance of witnesses by attachment, and, in any civil or criminal case or proceeding in the court, the judge may punish for disobedience of an order, *or for contempt committed in the presence of the court,* by a fine not exceeding $50 or imprisonment not exceeding 30 days. [Emphasis added.]"

(1964). Interpreting Section 268 of the Judicial Code, 28 U.S.C. § 385, applicable to the federal courts of this circuit, this court has answered the question in the negative. Klein v. United States, 80 U.S.App.D.C. 106, 151 F.2d 286 (1945). In the appellant's case, however, and in previous decisions applying the District of Columbia statute, the District of Columbia Court of Appeals has adopted the contrary view. *See* In re Shorter, 236 A.2d 318 (1967); In re Saul, D.C.Mun. App., 171 A.2d 751 (1961).

We see no reason for us to interfere with the local court's permissible interpretation of its own statutory contempt authority. We think it pertinent to note also that the District of Columbia trial courts have, as least in the reported cases, conducted a show cause hearing before finding an attorney in contempt. In the light of this practice we cannot say that the local court's interpretation of the District of Columbia statute is unreasonable or that the procedure adopted affords inadequate protection to attorneys cited for contempt.

■■ On the second issue relating to the sufficiency of the evidence, we are constrained to disagree with the District of Columbia Court of Appeals and the trial judge. We of course appreciate the administrative problems confronting the judge. We also agree that a lawyer must be held to a high standard of accountability and that he may not deliberately or recklessly flout the authority and dignity of the court; if he does so he should be subject to disciplinary action. Nevertheless, the offense of which the appellant was convicted was a criminal contempt. An essential element of that offense is an intent, either specific or general, to commit it. Wilson v. North Carolina, 169 U.S. 586, 600, 18 S. Ct. 435, 42 L.Ed. 865 (1898); United States ex rel. Porter v. Kroger Grocery & Baking Co., 163 F.2d 168 (7th Cir. 1947); People v. Rice, 96 Ill.App.2d 253, 238 N.E.2d 266 (1968). By definition, contempt is a *"wilful* disregard or disobedience of a public authority". (Emphasis supplied) Bouvier's Law Dictionary (3d revision 1914); Black's Law Dictionary (revised 4th ed. 1968). The requisite intent may of course be inferred if a lawyer's conduct discloses a reckless disregard for his professional duty. In the appellant's case, however, there was no evidence that he deliberately or recklessly disregarded his obligation to the court, or that he intended any disrespect for the court. On the contrary it is clear from his unchallenged explanation that his failure to appear was not by design but resulted from a lapse of memory, preoccupation with another case, and confusion as to dates. There were no unusual circumstances justifying a conclusion that his conduct was reckless. The specter of a default because of forgetfulness or confusion haunts the dreams of every busy trial lawyer. Nor was there any suggestion that the appellant's lapse was anything but an isolated aberration. Indeed, the judge prefaced his ruling with statements to the effect that he was reluctant to find the appellant in contempt, since he had had "very favorable experiences" with the appellant who had "served the court". These circumstances distinguish the appellant's case from cases such as Chula v. Superior Court, 57 Cal.2d 199, 18 Cal.Rptr. 507, 368 P.2d 107 (1962), cited by the government, in which a respondent attorney had failed to appear at a number of scheduled hearings.

Since the record discloses no evidence of any criminal intent on the part of the appellant, the judgment is reversed with directions to discharge the rule to show cause.

Reversed.