**Edward R. DeVAUGHN et al.,**

v.

**The DISTRICT OF COLUMBIA, a Municipal Corporation et al., David Santee Miller, Appellant.**

**No. 78–1679.**

United States Court of Appeals, District of Columbia Circuit.

June 3, 1980.

---

**206**

David Santee Miller, pro se, was on the brief for appellant.

Louis P. Robbins, Asst. Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., entered appearances for appellee.

Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the appearance was entered and Peter E. George, Asst. U. S. Atty.,

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

Washington, D. C., also entered appearances for appellee.

Before ROBB and MIKVA, Circuit Judges and GESELL,* United States District Court Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

David Miller, a member of the bar, appeals from an order of the District Court holding him in contempt for the late filing of a pretrial statement in a civil case. The court's order must be reversed.

Miller represented the plaintiff in a civil action against the District of Columbia, known as *DeVaughn v. District of Columbia*. A pretrial conference in the case was scheduled for May 4, 1978 and the court ordered both sides to file pretrial statements five days before the conference. Neither party met the deadline; Miller filed his statement on May 3 and counsel for the defendant filed his on May 4.

At the beginning of the pretrial conference the district judge referred to the failure of counsel to file their statements on time and said "The Court would be interested in knowing why the directions of the Court were ignored." The following then occurred:

MR. MILLER: My only prior hearing experience has been before United States Magistrate under a forty eight hour direction and somehow I seemed to have the forty eight hours in my mind. Further I was in the hope that our motions for leave to amend and related motions for continuance would be granted avoiding the necessity for pretrial.

THE COURT: How long have you been a member of the Bar?

MR. MILLER: Three years, Your Honor.

THE COURT: And where do you practice?

MR. MILLER: Here in the District.

THE COURT: Before what court?

MR. MILLER: Superior Court, Your Honor.

THE COURT: Are you a full time lawyer?

MR. MILLER: Yes, sir.

THE COURT: They have rules over there, don't they?

MR. MILLER: Yes.

THE COURT: And they have notices sent out by the judges over there, don't they?

MR. MILLER: Yes, sir.

THE COURT: No difference—none whatsoever. The Court is going to hold you in contempt for that.[1]

On May 5, 1978 the court entered the following order:

> Counsel for plaintiff, having failed to file his pretrial statement by five days before the pretrial hearing as directed in the Pre-trial notice, is hereby found in contempt of Court, and is fined Fifty Dollars ($50.00). Fine is to be paid by May 10, 1978.

 The court thus found Miller guilty of a criminal contempt. To justify that finding there must have been evidence that Miller deliberately or recklessly disregarded his obligation to the court, or intended some disrespect to the court. *Sykes v. United States*, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971). There was no such evidence. At the most, Miller's explanation of his tardiness established negligence, or perhaps that he was afflicted with the occupational weakness of lawyers who "perceive not how Time moves". Certainly it does not appear beyond a reasonable doubt that he acted either intentionally or recklessly in failing to file on time. It follows that an essential element of the offense of criminal contempt was not proved.

We note also that because the court punished Miller summarily the proceeding was subject to Fed.R.Crim.P. 42(a) which provides:

> (A) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

The district judge made no finding that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. Whether such a finding would have been possible, in view of the evidence, is a question we do not decide. *See Klein v. United States*, 80 U.S.App.D.C. 106, 151 F.2d 286 (1945); *Sykes v. United States, supra*, 144 U.S.App.D.C. at 54–55, 444 F.2d at 929–30; *In re Niblack*, 155 U.S.App.D.C. 174, 476 F.2d 930 (1973). In any event the district judge made no finding of facts establishing the elements of criminal contempt.

The judgment is

*Reversed.*

---

1. The Assistant Corporation Counsel assigned to represent the District of Columbia was not present at the pretrial conference. The Assistant who appeared was unfamiliar with the case so the court postponed the conference until May 10. At that time the court heard the explanation of the Assistant Corporation Counsel representing the District. The court took no action against him.