In re George GATES, Appellant.
No. 71–1746.

United States Court of Appeals, District of Columbia Circuit.

May 17, 1973.

Melvin M. Burton, Jr., Washington, D. C., submitted on the brief for appellant. George F. Knox, Sr., Washington, D. C., was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry and Paul L. Friedman, Asst. U. S. Attys., submitted on the brief, for appellee. James A. Fitzgerald, Asst. U. S. Atty., also entered an appearance for appellee.

Before McGOWAN and LEVENTHAL, Circuit Judges, and WYZANSKI,[*] Senior United States District Judge for the District of Massachusetts.

PER CURIAM:

This appeal from a conviction for criminal contempt and $100 fine involves an attorney in a case scheduled for trial, in the District Court, on Tuesday, August 3, 1971, who had accepted dates for other matters on Monday, August 2, involving hearings before the Magistrate, and was advised by the District Judge on Friday, July 30, that the case had been rescheduled to begin Monday, August 2, at 10 a. m. The case was called at 10:07. Appellant arrived at about 10:50[1] a. m. The District Judge called him to the bench, set forth his tardiness, and stated that the clerk had telephoned the Magistrate's office when the case was called but could not ascertain whether appellant was there. Appellant stated he had been in the cell block and in the Magistrate's office. The District Judge assessed a fine of $100. Appellant said he had come over to the District Court to allow time to go to the Magistrate's office, was down in the cell block at 9 a. m., had just left the Magistrate's office, and that the District Court knew he had a preliminary matter. "The Court: I think you have been contemptuous. I knew you had a preliminary matter but I advised you to be here at 10 a. m. in Court."

The trial resulted in a deadlock and mistrial declared August 6. The certificate and order of contempt, signed by the judge on August 6, 1971, was filed September 1, 1971. It recites the above facts, notes that calls were made to the Magistrate's office and to appellant's office, and that between 10 and 10:50 a. m. defense counsel did not communicate with the court or appear in court to request any continuance or time. No reference is made in the order and certificate to appellant's statement on August 6: "I told the Court in chambers that I had a matter before the Magistrate and as soon as I got through with that matter I would come before the Court. I went down and put on the record in the Magistrate's office and I think he called you and told you that I was before him." Appellant stated that his matter took only five or ten minutes and that if the Magistrate had arrived promptly, in-

---

[*] Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. This is the time recited in the contempt order of the District Court.

stead of 10:20, he would have been in District Court promptly.

■ Appellant submitted to this court without argument. His brief argued that Rule 42(a) of the Federal Rules of Criminal Procedure permits summary punishment only for a direct contempt committed in the actual presence of the court, and that the failure to appear as scheduled was not an act in the presence of the court. He relied on various decisions by our court.[2] However, we are constrained to reject this contention in view of the recent decision of this court in In re Niblack, 476 F.2d 930 (1973), upholding a fine of $50 imposed under Rule 42(a) for absence from the court room.

■ Nor can we accept the contention that there was insufficiency of evidence of contumacious intent to support the finding of contempt by the trial judge.

■ Although appellant raised no question as to procedure, we raise ourselves the question whether the spirit of Rule 42(a) does not call upon the judge, when he apprehends that the issue of contempt for tardiness in the court room involves, by way of excuse, matters outside the presence of the court, to proceed by reference of the matter to another judge, and invocation of Rule 42(b). Here there was an issue concerning an effort made from outside the court to contact the District Judge. This point was not briefed, and we do not undertake to decide it on our own motion, but in view of the circumstances we invoke our appellate authority to modify contempt sentences to reduce the fine to $50.[3]

So ordered.

---

2. Klein v. United States, 80 U.S.App.D.C. 106, 151 F.2d 286 (1945); Sykes v. United States, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971); also United States v. Willett, 432 F.2d 202 (4th Cir. 1970).

3. As the Supreme Court stated in Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958):
   Appellate courts have here [in passing upon the discretion vested in the District Courts by 18 U.S.C. § 401 to punish for contempt] a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed.

While we find nothing oppressive in the District Court's action in fixing the amount of the fine at $100, we do feel that the overall context of this case makes a reduction in the fine appropriate in the interest of justice. This follows the course laid down by our decision in Drivers, Chauffers & Helpers Local 639 v. Penello, 137 U.S.App.D.C. 64, 420 F. 2d 632 (1969), and by the Supreme Court in *Green* and United States v. United Mine Workers, 330 U.S. 258, 304–307, 67 S.Ct. 677, 91 L.Ed. 884 (1947), and followed elsewhere, *e. g.*, United States v. Conole, 365 F.2d 306 (3d Cir., 1966), cert. denied, 385 U.S. 1025, 87 S.Ct. 743, 17 L.Ed.2d 673 (1967).