In the Matter of Sol ROSEN, Appellant.

No. 7372.

District of Columbia Court of Appeals.

Argued Jan. 16, 1974.

Decided Feb. 13, 1974.

**152**

Sol Rosen, pro se.

Richard L. Graham, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

PER CURIAM:

Appellant, a member of this bar who appears here pro se, was convicted of contempt and fined $200 or 20 days in jail by Superior Court Judge James A. Belson on February 22, 1973. Appellant contends that (1) the trial court erred in proceeding under Rule 42(a) of the Rules of Criminal Procedure of the Superior Court rather than under Rule 42(b); (2) he should have been granted a hearing before another judge; (3) the evidence was insufficient to establish contemptuous conduct; and (4) the fine was excessive. We affirm.

The controlling facts are not in dispute. Appellant had been assigned by the court to represent a defendant in a criminal case set for trial before Judge Belson at 9:30 a. m. on February 21, 1973. Upon request made the prior evening, he was granted permission to appear first for a brief hearing in the District Court based on his representation that he would be back and

ready to proceed before Judge Belson before 10 a. m. The permission was granted on "condition that he report *immediately thereafter* for the trial in this case",[1] to which appellant agreed. The next morning when Judge Belson observed upon the belated arrival of appellant that it was after 10:30 Mr. Rosen explained to the court that after leaving the District Court "I went to [another Superior Court judge] because I had an arraignment . . . ." He endeavored to explain by saying that he understood that at his request the courtroom clerk of the second Superior Court judge called Judge Belson's courtroom clerk to say he was "coming over"[2] adding, "I tried to accommodate [the other judge] since I thought I might be here all day . . . ." He further stated: "I apologize for possibly overextending your courtesy . . . ." He was found in contempt. We note that his own statement of the facts reflects a deliberate and knowing violation of the trial court's order for counsel to return directly from the District Court.

■ D.C.Code 1973, § 11–944 authorizes a judge to "punish . . . for contempt committed in the presence of the court . . . ." Appellant contends that he was entitled to a hearing before a different judge under Super.Ct.Cr.R. 42(b) on the misapprehension that the occurrence, if contemptuous, was not in the presence of the court. We disagree. Appellant's failure to obey the direct order of the court to return directly to its court from the District Court by 10 a. m. ready for trial is conduct occurring in the presence of the court. The law in this jurisdiction is clear, and we reaffirm the following holding in Sykes v. United States, D.C.App., 264 A.2d 894, 895 (1970), rev'd on other grounds, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971):

[W]e explicitly adopt the rule that where an attorney fails to appear in

1. From the order of contempt (emphasis added).

2. The order of contempt indicates the call was received at 10:05 a. m.

court when he has a duty to do so, "the offensive conduct, to wit, the absence, occurs in the presence of the court" . . . . (Footnote omitted.) [*Also see* In re Shorter, D.C.App., 236 A.2d 318 (1967); In re Saul, D.C.Mun.App., 171 A.2d 751 (1961).]

More recently we said:

We are unable to accept appellant's contention that the trial court erred in acting summarily under Super.Ct.Cr. Rule 42(a) to hold him in contempt for the reason that his actions, if contemptuous, were not committed in the presence of the court. The identical contention has been advanced and rejected on several occasions, In re Gates, 156 U.S. App.D.C. 88, 478 F.2d 998 (1973); In re Niblack, 155 U.S.App.D.C. 174, 476 F.2d 930 (1973), and is similarly rejected here. . . . [In re Nesbitt, D.C.App., 313 A.2d 576 at 578.]

Since the conduct constituting the contempt was committed in the presence of the court and did not involve "disrespect to or criticism of a judge" such as might operate to disqualify the original judge within the meaning of Rule 42(b), we reaffirm that summary disposition was proper, and appellant's contention that he was entitled to a hearing before another judge under Rule 42(b) is without merit. Furthermore, there was no genuine issue concerning "matters outside the presence of the court." [3]

Unlike the complicated situation in In re Nesbitt, *supra,* where circumstances beyond the defendant's control made it difficult, if not impossible, for him to comply with the court's order, the facts here reveal an intentional disregard of the court's explicit order.

■ We are quite mindful of the recurring problems faced by the judges of the Superior Court in their efforts to maintain an orderly sytem of justice and to keep abreast of their calendars. The success of the system requires the thoughtful and diligent cooperation of counsel [4] who are again "admonished that a direct order of court is to be obeyed for only in unusual circumstances will this court fail to sustain a contempt citation for failure to do so." In re Nesbitt, *supra,* at 579. Counsel who elect to disregard a specific directive and who seek to defend such conduct by interjecting courtroom personnel between themselves and a particular judge to whom an obligation is owed, do so at their peril. It was Judge Belson to whom appellant made his commitment, and it was Judge Belson from whom he should have sought a further extension prior to attending to other business.

■ We see no reason to disturb the action taken by the trial court.

Affirmed.

---

3. In re Gates, *supra* at 1000 of 478 F.2d.

4. In re Farquhar, 492 F.2d 561 at 564 (D.C. Cir., 1973, Wilkey, J., dissenting).