In the Matter of Gaillard T. **HUNT**,
Appellant.

**No. 10300.**

District of Columbia Court of Appeals.

Argued Oct. 12, 1976.

Decided Dec. 10, 1976.

Rehearing and Rehearing en Banc Denied
Feb. 9, 1977.

Gaillard T. Hunt, pro se.

Daniel A. DeRose, Asst. U. S. Atty.,
with whom Earl J. Silbert, U. S. Atty.,
John A. Terry and James F. Hibey, Asst.
U. S. Attys., Washington, D.C., were on
the brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant Gaillard T. Hunt, a member of the bar, was adjudged in contempt of the Superior Court by Judge John R. Hess and fined $10 on October 20, 1975. He contends (1) that the court erred in proceeding under Rule 42(a) of the Rules of Criminal Procedure of the Superior Court rather than under Rule 42(b); (2) that the order of contempt fails to state in sufficient detail the facts upon which it was predicated and (3) that the evidence was insufficient to establish contemptuous conduct. We affirm.

The summary order of contempt was entered during a misdemeanor trial before Judge Hess where appellant was representing the defendant. The trial began on Friday, October 17. Before adjourning for the weekend, the judge admonished the participants, including appellant, to be in court promptly at 10 A.M. the following Monday. No one, including appellant, advised the court he had a conflicting engagement. On October 20 at 10 a.m. all participants were present in the courtroom and ready to proceed except for appellant. When appellant finally appeared at 10:07 or 10:08, he apologized and was given an opportunity to explain his tardiness. He stated that he had attended two other criminal matters earlier that morning. Appellant said that he arrived at the courthouse at 8:45 a.m. and appeared before Judge Sylvia Bacon for the purpose of postponing a motion. He explained further that he went next to Preliminary Hearing Court at 9:45 a.m. to look for his two co-counsel in another case in which he was involved to authorize them to go ahead with a preliminary hearing without him. As soon as he found them, he said that he proceeded directly to Judge Hess' courtroom.

The trial court responded to appellant's explanation as follows:

We have a rule here that states precisely what your responsibilities are. This states that when you are in trial that is your first obligation.[1] Plus the fact there is no reason why—Mr. Hall [a court clerk] has been here for some period of time—why you can't call if you are not going to be here.

I think your absence was willfull [*sic*]. You knew to be here and yet you went somewhere else. . . . You delayed the defendant, the prosecutor and the witnesses and everybody else.
. . . It gives the public a bad impression of the whole system, to come down here and wait around because people such as you decide your order of priorities.

I find you in contempt of Court. I fine you ten dollars. . . .

Appellant paid the fine and subsequently filed a motion for reconsideration of the contempt citation and attached thereto a sworn affidavit in which he restated the reasons for his tardiness. The trial court denied the motion stating that appellant had deliberately ignored the court's order to appear in court promptly and Rule 104 "by determining his own order of priorities". Appellant filed this appeal pro se.

■ We cannot accept appellant's contention that the court's acting summarily under Rule 42(a) was error on the ground that the allegedly contemptuous conduct did not occur "in the presence of the court". The identical argument has been rejected by this court on several occasions. *See, e. g., In re Rosen,* D.C.App., 315 A.2d 151, *cert. denied,* 419 U.S. 964, 95

---

1. Super.Ct.Civ.R. 104(b)(3) states: "Nontrial matters in a trial court will yield to trials in any court." Rule 104 applies to the Criminal as well as the Civil Division. *See* Super.Ct.Cr.R. 57(a).

S.Ct. 224, 42 L.Ed.2d 178 (1974); *In re Nesbitt,* D.C.App., 313 A.2d 576, 578 (1973). *See generally* Annot., 97 A.L.R.2d 431 (1964).

■ Appellant's argument that instituting summary procedures after he arrived at court was inappropriate since the alleged contemptuous conduct, *i. e.,* absence from court, had come to an end is also without merit. The court found that appellant deliberately had disregarded an explicit court order resulting directly in the delay of an ongoing trial. The court in its discretion could find defendant guilty of contempt and impose a sanction against appellant immediately after the contemptuous conduct had ceased. *See In re Rosen, supra.*

■ Appellant argues also that the conviction should be vacated since the order of contempt fails to specify in sufficient detail the facts upon which the finding of contempt was predicated.[2] The trial court observed in the order that at the close of the day on Friday it ordered all the participants in the trial, including appellant, to be in court promptly at 10 a. m. on Monday; that all participants except appellant were present when the case was called at 10 a. m.; that appellant "did not appear until nearly ten minutes later"; that "appellant failed to explain his action to the satisfaction of the court" whereupon the court concluded that his behavior was "deliberate and willful and constituted contempt committed in the presence of the court."

The order informs us precisely what conduct constituted the contempt. We know from the order that it was appellant's seven or eight minute tardy arrival for trial in defiance of an explicit court order and his failure to provide a satisfactory excuse which the court found contemptuous. This contrasts with contempt citations reviewed in *In re Williams,* 509

F.2d 949 (2d Cir. 1975); *United States v. Marshall,* 451 F.2d 372 (9th Cir. 1971); and *Pietsch v. President of the United States,* 434 F.2d 861 (2d Cir. 1970), *cert. denied,* 403 U.S. 920, 91 S.Ct. 2236, 29 L. Ed.2d 698 (1971), where factual situations more complicated than the one presented here were described in conclusory, generalized language thereby preventing intelligent appellate review. We conclude that the order here, although very brief, specifies what the act of contempt was and discloses the basis of the court's decision with sufficient clarity to support the conviction.

■ Appellant contends finally that the evidence was insufficient to establish contemptuous conduct since it failed to show that he acted deliberately and wilfully in appearing late for trial. He claims that he had no intention of being late and that his tardiness should have been excused since it stemmed solely from his effort to meet his obligation to appear personally before a preliminary hearing court to reschedule a nontrial proceeding.

Appellant correctly points out that he had a duty to resolve the conflict brought about by the scheduling of a preliminary hearing at the same time as the trial. *See* Super.Ct.Civ.R. 104(c)(3). However, he mistakenly concludes therefrom that he was justified in lingering at the preliminary hearing court and stopping to speak with co-counsel. Rule 104(b)(3) makes clear that the trial had precedence over all other matters. Where the potentiality for his being late for trial was so apparent, he had an obligation at least to contact the trial court and advise it of the conflict. The trial court properly inferred from appellant's actions and his explanation that he had deliberately and wilfully substituted his own judgment for a direct order of the court even though his actions represented a good faith attempt to straighten out his conflicting obligation with two other courts. It was clearly within the court's

2. Rule 42(a) provides that: "The order of contempt shall recite the facts" upon which the contempt conviction rests.

discretion to treat appellant's tardiness as an act of contempt and accordingly we decline to disturb the court's finding.

 Finally, although we have the authority to modify the rather nominal penalty imposed by the court, *In re Gates,* 156 U.S.App.D.C. 88, 90 n.3, 478 F.2d 998, 1000 n.3 (1973), we decline to do so. We would remind the trial court, however, that for a lawyer, the amount of the fine for contempt is of little consequence compared to the potential stigma flowing from a criminal record. It, for example, could hinder his admission to the bar of a foreign jurisdiction. A contempt conviction, therefore, should not be based on a mere technicality, but should be imposed only where necessary to maintain an orderly system of justice.

Accordingly, the judgment appealed from is

*Affirmed.*