**In the Matter of Charles A. SCHAEFFER, Appellant.**

**No. 10566.**

District of Columbia Court of Appeals.

Submitted Jan. 13, 1977.

Decided March 15, 1977.

Rehearing en banc Denied April 14, 1977.

---

3. The guard's version of the incident was corroborated in all relevant details by plaintiffs' own employee—the cashier.

Leroy Nesbitt, Washington, D. C., for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Frederick A. Douglas, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FICKLING,* GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant, an attorney, was held in contempt of court under Super.Ct.Cr.R. 42(a)

* Judge Fickling did not participate in the decision of this case.

and fined $100 for failure to obey a court order to appear for trial. He was absent when his case was called for trial and the court sent a bailiff to inform him that the trial judge ordered him to report to the courtroom. At that time appellant was seated in arraignment court, waiting for a case to be called. When the bailiff delivered the judge's order, he chose to remain in arraignment court. Thereafter, the court sent two Deputy United States Marshals to escort appellant back to the trial courtroom.

■ Appellant argues that the trial court erred in applying Rule 42(a) (summary disposition) to his case and that he should have been granted a hearing under Rule 42(b). He contends that the trial judge believed that appellant's conduct involved disrespect for the judge himself and that a hearing before another judge should have been ordered. We find no support for this on the record. The disrespect referred to in the contempt order is the disrespect toward the court, as a court, that is inherent in any disobedience of a court order.

■ Relying upon *In re Gates*, 156 U.S. App.D.C. 88, 478 F.2d 998 (1973), appellant next argues that because there was a dispute as to his status before the arraignment court[1] summary disposition was not proper and the matter should have been referred to another judge. We do not, however, read *In re Gates* as broadly as appellant would have us read it. *Gates* merely *raised the question* whether "when [the court] apprehends that the issue of contempt for tardiness in the court room involves, by way of excuse, matters outside the presence of the court" the court should refer the matter to another judge. 156 U.S.App.D.C. at 90, 478 F.2d at 1000. We do not think that appellant's mere assertion that he was not free to leave arraignment court was enough to raise a question about matters outside the presence of the court. *See In re Rosen*,

1. Appellant asserts that because he was waiting for the third call for his case in arraignment court, he was not free to leave that court.

D.C.App., 315 A.2d 151 (1974). *Compare In re Nesbitt,* D.C.App., 313 A.2d 576 (1973). It is undisputed that his arraignment case was not actually before the arraignment judge when he received the order from the trial judge. Additionally, by court rule the trial took precedence over an arraignment.[2] Under the circumstances the proper course of action for the attorney would have been to inform the arraignment court of the order. It was not the attorney's right to decide whether to obey the order issued by the trial court. It does not matter that he remained in arraignment court under the asserted belief that his case would be called next or that the arraignment court would not grant to him a continuance.

Finally, appellant argues that the trial court erred in finding appellant's conduct to be willful and contemptuous. Again the record does not support appellant. He disregarded a specific court order to return to the courtroom. The trial court properly inferred from appellant's refusal to return that his conduct was willful and contemptuous. *See In re Hunt,* D.C.App., 367 A.2d 155 (1976).

*Affirmed.*

---

2. *See* Super.Ct.Civ.R. 104(b)(3) made applicable to the criminal courts by Super.Ct.Cr.R. 57.