**Appeal of Roger M. GREGORY.**

**No. 10672.**

District of Columbia Court of Appeals.

Argued March 16, 1978.

Decided May 22, 1978.

Rehearing Denied Aug. 10, 1978.

Roger M. Gregory, Jr., pro se.

Peter C. DePaolis, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, NEBEKER and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellant, a member of the bar, was adjudged in contempt of the Superior Court by Judge Eugene N. Hamilton on February 20, 1976, fined $100, and given a suspended three-day sentence. He contends on this pro se appeal 1) that the court erred in summarily proceeding under Super.Ct.Cr.R. 42(a) rather than on notice and hearing under Rule 42(b); 2) that no written order of contempt was properly issued; and 3) that the evidence was insufficient to establish contemptuous conduct. We affirm.

Appellant was counsel for a defendant in a criminal case which was set for trial February 19, 1976. At 3:30 p. m. the case was certified with priority and sent to Judge McArdle who returned it to the Assignment Commissioner. When the case was returned to Calendar Control, the government requested a continuance to the next day, seeking to accommodate its out-of-town witness. Appellant objected, explaining to the court that his involvement as a party in another court matter would conflict. Over appellant's objection, the case was contin-

ued to the next day but certified with priority for trial at 2 p. m. in order to allow appellant time to resolve the other matter.

However, appellant did not appear in court at 2 p. m. the next day, but instead arrived at 4:20 p. m. He told the court he was aware that the case had been continued until 2 p. m. and attempted to explain his tardiness. At 2 p. m. he had been in his Maryland office, awaiting the typing of papers to file in his personal legal matter. He said he called the Calendar Control clerk, advising him that he would be delayed until 3 p. m. The clerk told him he would certify the case to the Assignment Commissioner. Appellant then called the Assignment Commissioner to inform him that his expected time of arrival at court was 3 p. m. Sometime thereafter, appellant arrived at court and proceeded to another courtroom, where he waited for that judge to rule on motions pertaining to his personal matter. Appellant does not contend that he was required by conflicting court order to be in this other courtroom. At 3:25 p. m. he again phoned the Assignment Commissioner and was advised that Judge Hamilton wanted him to come to courtroom 15. Nevertheless, appellant went back to the courtroom to await the outcome of his personal matter. and at 3:30 p. m. came to this court to file papers seeking a stay in the trial of his own case which was set for the following Tuesday. Then he proceeded to courtroom 15 sometime between 4:00 and 4:20 p. m.—over two hours late. Appellant concluded his explanation with the assertion that the order of continuance until 2 p. m. was not lawful as to him, apparently because it was not a written order.

The trial court responded to appellant's explanation as follows:

> I talked to you about these problems yesterday. I told you, personal problems were one thing, . . . but obligations and duties owed to the Court, under

the law, are another. The law stands above and beyond all personal problems and all considerations of personal problems.

> *    *    *    *    *    *

> Mr. Gregory, I think I've given all these matters sufficient consideration that you have mentioned, and I find them all to be without merit. This all boils down to the fact that you have deliberately and flagrantly elected for your own purposes and for your own reasons, whatever they may be, to disregard the Court, which matter it is my duty not to permit.

Judge Hamilton then found appellant in contempt and imposed sentence. A written order setting forth the factual basis of the contempt was entered by the court when it denied a motion by appellant to set aside his conviction.[1]

■ Appellant recognizes that a willful failure of counsel to appear in court on time may be punished summarily under Super. Ct.Cr.R. 42(a), as contempt committed "in the actual presence of the court." *In re Hunt*, D.C.App., 367 A.2d 155 (1976); *In re Rosen*, D.C.App., 315 A.2d 151, *cert. denied*, 419 U.S. 964, 95 S.Ct. 224, 42 L.Ed.2d 178 (1974). Nevertheless, he argues that genuine issues of fact concerning matters outside the presence of court mandated a Rule 42(b) hearing. However, appellant has not pointed to any such factual issues, which if resolved in his favor, would constitute a justification for his conduct. His conversations with court personnel need not be proved; for he had an obligation to personally inform the judge of his conflicting obligations. Super.Ct.Civ.R. 104(c)(4).[2] *See also In re Rosen, supra* at 153.

■ Claiming that the trial judge construed his conduct as a personal affront rather than as disrespect to the court itself, appellant contends that Judge Hamilton

---

1. This order, dated April 19, 1976, was not made a part of the record on appeal. Accordingly, pursuant to D.C.App.R. 10(*l*), we directed that a supplemental record, consisting of such order, be certified and transmitted by the clerk of the trial court.

2. Super.Ct.Civ.R. 104 was made applicable to proceedings in the Criminal Division by Super. Ct.Cr.R. 57(a).

should have disqualified himself from ruling on the question of contempt. Although the record reflects a less than amicable exchange, the conduct for which appellant was found in contempt was his failure to appear on time in court, not his demeanor while there. Accordingly, summary disposition was appropriate.

As his second claim of error, appellant contends that the trial court's failure to issue a written order of contempt in compliance with Super.Ct.Cr.R. 42(a) makes intelligent appellate review impossible. In addition, he argues, the lack of a transcript for the February 19, 1976, proceedings makes it impossible to ascertain whether he was in fact ordered to appear at 2 p. m. the following day.

█ The trial judge's order of April 19, 1976,[3] was issued in response to appellant's motion to set aside his conviction. Nonetheless, it satisfies Rule 42(a) in that it is a written order, signed by the trial judge and entered of record, which recites the facts in a manner sufficient to inform this court what conduct constituted the contempt. *See In re Hunt, supra* at 157.

█ As to the lack of a transcript of the February 19, 1976, proceeding, we first hold that appellant has the burden of demonstrating error from the record on appeal and. he cannot do so by arguing from an absent record. In the absence of a transcript, the appellant could have prepared and filed a statement of the proceedings as he recalled them, pursuant to D.C.App.R. 10(j), but he did not do so. An appellate court does not presume error; error must be shown or appear from the record. Moreover, a transcript of the previous day's proceedings is not necessary to our review in this case, because appellant's own statements on February 20 make it clear that he was ordered to be in court at 2 p. m. Appellant told the court, "Your Honor, the order was that this case (was) continued for trial at 2 o'clock this afternoon; that is correct."

█ Appellant contends that there was no direct order for him to appear at 2 p. m., and thus, he cannot be held in contempt for nonappearance. We hold that an order continuing a criminal case for trial to a time certain is a very definite and direct order for defense counsel to appear at that time.

█ Appellant also contests the sufficiency of the evidence to support his conviction. According to appellant, the lack of a direct order to appear, his lack of knowledge that a judge was prepared to begin trial at 2 p. m., and his efforts to contact court personnel all suggest that he was attempting to cooperate with the court, rather than evidencing a willful intent to disobey a court order. We disagree. As previously discussed, appellant clearly was ordered. to be in court at 2 p. m., and that obligation was not met by his informing the court clerks of his unavailability. *See In re Rosen, supra* at 153. Moreover, the case was continued for trial, and appellant should have known that a scheduled trial takes priority over non-trial matters,[4] even including those in which a lawyer is a party. Any lawyer thinking that he can take a chance under the case assignment system now employed that a judge may not be available at the hour designated for trial, does so at his peril, for he is liable for contempt for tardiness or nonappearance without regard to trial judge availability.

█ Knowing that a case in which he was defense counsel was continued to 2 p. m., February 20, 1976, appellant chose not to appear in court at that time, but instead attended to other matters, arriving in court more than two hours late. This appears to have been his deliberate choice, based on his assessment of the importance of the conflicting matters. This was not his choice to make. Accordingly, the judgment is

*Affirmed.*

---

3. *See* note 1, *supra.*

4. *See* Super.Ct.Civ.R. 104(b)(3).