**In the Matter of Gaillard T. HUNT, Appellant.**

No. 12909.

District of Columbia Court of Appeals.

Argued Dec. 6, 1978.

Decided June 7, 1979.

David N. Webster, Washington, D.C., for appellant.

James J. Bierbower, Washington, D.C., amicus curiae.

John H. E. Bayly, Jr., Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Michael W. Farrell, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, MACK and FERREN, Associate Judges.

NEBEKER, Associate Judge:

Appellant claims that the trial court erroneously denied his motion to vacate a judgment of criminal contempt. D.C. Superior Court Rules of Criminal Procedure, Rule 42(a). Appellant's motion was accompanied by certificates, letters and affidavits attesting to his good standing in the courts in the District, to his reputation for promptness, and to his record as an attorney which was previously unsullied by reprimands, complaints or grievances. The order denying the motion reflects the trial court's view that the affirmance by this court of appellant's contempt charge precluded a consideration of the documents submitted in support of appellant's motion. On appeal, appellant claims that the court erred in failing to consider as newly discovered evidence the documents submitted with his motion to vacate. For the reasons discussed below, we hold that the motion presented matters requiring trial court consideration. Accordingly, we remand.

Appellant's case is before this court for the second time. The facts from which this case arose are set forth in this court's opinion in *In re Hunt*, D.C.App., 367 A.2d 155 (1976). Subsequent to that decision affirming the contempt order, appellant petitioned the Supreme Court for certiorari, which was denied. *In re Hunt*, 434 U.S. 817, 98 S.Ct. 54, 54 L.Ed.2d 72 (1977). Thereafter, appellant filed his motion to vacate judgment in the Superior Court, which resulted in this appeal.

On October 17, 1977, appellant timely filed a motion to vacate judgment. Supplementing appellant's motion were two letters, two certificates, two affidavits and a memorandum of law in support of the motion. The documents from the court clerks, attorneys, and appellant himself assert appellant's good conduct as an attorney, an unblemished record in the profession, and a reputation for being diligent and prompt. One day after the filing of the motion the court entered the following order denying appellant's motion:

Upon consideration of petitioner's motion to vacate judgment, and it appearing

that the judgment has been affirmed by the D.C. Court of Appeals and that no assertion is made that the judgment is invalid in any respect, it is this 18th day of October, 1977,

ORDERED that petitioner's motion be, and the same hereby is, denied.

This appeal followed.

Appellant contends that the lower court erred in denying his motion because it failed to consider as newly discovered evidence under Super. Ct. Cr. R. 33, appellant's documents submitted in support of the motion. Appellant maintains that the documents were, in fact, submitted under Rule 33 as newly discovered evidence. Appellant's position is that "the conviction followed summarily after the offense without notice or trial, so all evidence was newly discovered in that it could not have been offered before judgment, however vigorous appellant's diligence." Appellant's Brief at 7, 8 (footnote omitted). While it is not indicated anywhere in the record that Rule 33 was being invoked by appellant when he filed the motion, the government has not contested appellant's assertion that the documents were offered as newly discovered evidence. The government does vigorously dispute the relevance of the documentary evidence in question, i. e., appellant's purported punctuality and excellent character do not bear on whether appellant committed contempt. The government therefore requests affirmance of the order. We cannot properly consider the order in the absence of an initial evaluation by the trial court of appellant's documents. We leave for the trial court the decision regarding the accuracy of appellant's characterization of his evidence. We, therefore, hold that the matters presented must be addressed by the trial court in the exercise of its discretion.

Appellant also claims that the information accompanying the motion to vacate was offered for consideration under other rules as well as under Rule 33. Specifically, appellant asserts that if this court does not vacate the conviction under Rule 33 (or, more properly, remand for a determination under that rule), then the motion, documents, and memorandum should be considered timely and relevant for a reduction of sentence under Rule 35, for the appropriate relief under the All Writs Act, 28 U.S.C. § 1651 (1970), or in support of a "theory that the lower [c]ourt may set aside a contempt judgment on its own motion." Appellant's Brief at 9. Although we remand for consideration of the motion and evidence under Rule 33, we note that the trial judge did not consider the possibility of reducing appellant's sentence when he issued the order. That possibility remains open to the trial court on remand.*

*Remanded for further proceedings.*

---

* In light of our decision to remand, we do not address appellant's other requests.