**In re Donald R. GRATEHOUSE, Appellant.**

**No. 79–544.**

District of Columbia Court of Appeals.

Argued April 15, 1980.

Decided June 3, 1980.

---

Irvin P. Foster, Washington, D. C., for appellant. Donald R. Gratehouse, pro se, filed a brief on his own behalf.

Barry M. Tapp, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

Appellant is an attorney who was representing a defendant in an on-going criminal proceeding. He seeks reversal of his conviction of contempt for failure to make a timely appearance before the Superior Court. He argues (1) that the evidence was insufficient to show that his conduct was willful, deliberate, or reckless, and (2) that the court erred in disposing of his case summarily under Super.Ct.Cr.R. 42(a), rather than following the Rule 42(b) procedures for disposition by another judge upon notice and hearing. Finding these arguments unpersuasive, we affirm.

The record reflects the following events preceding appellant's conviction. On April 25, 1977, appellant appeared before the trial court in Courtroom 6 for a show cause hearing regarding pretrial bond. Although scheduled for 9 a. m., the hearing began at 1:10 p. m. At 1:30 p. m., the trial court called a lunch recess for an hour and 15 minutes, with the hearing to resume at 2:45 p. m. According to the record, the judge returned to the bench at 2:53 p. m. The prosecutor, marshals, clerks, witnesses, and appellant's client were all present then, but appellant was absent. The courtroom clerk reported that appellant had called the courtroom to say that he was en route to Courtroom 11 and that, after attending to some business both there and in Courtroom 16, he would return to the hearing in Courtroom 6. The trial judge sent a marshal to search for appellant. At 3:05 p. m., the marshal reported that he had been unable to find appellant in Courtrooms 11, 16 or 17, or in the Lawyers Lounge. At 3:15 p. m., appellant called Courtroom 6 and was told to come immediately to resume the hearing. At 3:19 p. m., a clerk called from the Courtroom 11 to say appellant would be detained there for a few more minutes. Appellant arrived in Courtroom 6 at 3:28 p. m. and the hearing resumed.

After the hearing on the pretrial bond was concluded, the judge asked appellant to advise the court why he should not be cited in contempt of court for failure to make a timely appearance as scheduled. Appellant explained that his crowded schedule had become unmanageable when his Courtroom 6 hearing had been delayed several hours that morning. The judge, while agreeing that some remedy was needed for the court system's failure on occasion to schedule hearings more efficiently, did not excuse appellant's tardiness. The judge stressed that appellant had not informed the court earlier of his scheduling conflicts, noting:

> I can't remedy those things that I don't know anything about. If you had told me when we recessed that you had other court commitments, then I would have some ability to deal with it, but to permit me to come on this bench and sit and wait for forty-five minutes, and to receive a message that I'm sitting here waiting, that the court system has broken down waiting for you, and to then go into an-

other court is as contemptuous as you can possibly be. [Record at 8–9.]

Accordingly, the trial judge held appellant in criminal contempt pursuant to Rule 42(a) and sentenced him to pay a fine of $200 or to be imprisoned for forty-eight hours in the District of Columbia Jail. (Record at 10, 15–16.) That sentence was stayed pending this appeal.

In urging reversal of his contempt conviction, appellant argues first that the evidence before the trial court did not show "that the failure to appear timely was the result of willful, deliberate, or reckless disregard of professional obligations," as required by our decision in *In re Denney*, D.C.App., 377 A.2d 1360, 1363 (1977). Appellant's tardiness, he says, resulted merely from overextending himself, coupled with court delays beyond his control.

■ We do not find this argument persuasive. An attorney has a clear obligation to avoid scheduling conflicts which disrupt the efficient administration of the judicial system. *In re Hunt*, D.C.App., 367 A.2d 155, 157, *cert. denied*, 434 U.S. 817, 98 S.Ct. 54, 54 L.Ed.2d 72 (1976). More specifically, the Superior Court rules declare that:

> It is the professional responsibility of attorneys to avoid the setting of conflicting engagements in the courts, to inform the

courts of expected difficulties or conflicts which may arise, and to achieve the resolution of such conflicts or problems at the earliest possible time. The following particular obligations are imposed upon counsel:

> \* \* \* \* \* \*

> Attorneys are obliged to take action immediately upon becoming aware of any conflict and specifically to call the conflicting engagements to the attention of the judge being asked to yield, and to pursue the matter until the conflict is resolved. Such matters may be presented to the judge in open court as a preliminary matter . . . .[1]

■ In the present case, appellant neglected to inform the trial judge before the lunch recess of appellant's known or anticipated scheduling conflicts.[2] We conclude that under these circumstances the trial judge had ample evidence that appellant's failure to make a timely appearance resulted from his disregard of the professional obligations set forth above.[3]

■ Appellant argues secondly that the trial judge committed reversible error in disposing of appellant's case summarily under Super.Ct.Cr.R. 42(a), instead of proceeding under Rule 42(b). Rule 42(a) provides for summary disposition of contempt cases and reads in pertinent part:

---

1. Super.Ct.Civ.R. 104(c), made applicable to criminal proceedings by Super.Ct.Cr.R. 57(a).

2. These conflicts included, *e. g.*, a scheduled 3 p. m. appearance in Courtroom 11 regarding a bench warrant. (Record at 11; Appellant's Brief at 3.)

3. In reaching this conclusion, we note the factual distinction between this case and *In re Denney, supra*, on which appellant relies. There,

> [the attorney] arrived at the courtroom for the scheduled arraignment five minutes before the scheduled commencement of 1:45 p. m. When his case had not been called by 2:20 p. m., appellant informed both the courtroom clerk and his client . . . that he had a previously scheduled probation revocation hearing before [another judge] at 2:30 p. m. and that he would return to arraignment

court no later than 3:30 p. m. [377 A.2d at 1361.]

The attorney's case was called while he was absent and the trial judge held him in contempt. In reversing the attorney's contempt conviction, we emphasized (1) the fact that the attorney was present when the proceedings began; (2) the fact that the attorney had made some effort to notify the court of its scheduling conflicts and their probable duration; and (3) the fact that the attorney's previously scheduled commitment was a probation revocation hearing involving many persons specifically gathered for that purpose, whereas the commitment from which he was briefly absent was a short arraignment hearing, of which several were scheduled at nearly the same time and some of which, therefore, could be (and were) passed over temporarily. In all these particulars, the present case differs from *Denney*.

A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court.

In contrast, Rule 42(b) provides for disposition of a criminal contempt upon notice and hearing. According to appellant, this latter rule should have been followed because appellant's excuse for his absence involved matters occurring outside the presence of the court.[4] However, this court has repeatedly ruled that tardiness of an attorney may be summarily punished under Rule 42(a). *See In re Gregory*, D.C.App., 387 A.2d 720, 722 (1978); *In re Hunt, supra* R

156–57; *In re Rosen*, D.C.App., 315 A.2d 151, 152–53, *cert. denied*, 419 U.S. 964, 95 S.Ct. 224, 42 L.Ed.2d 178 (1974).

*Affirmed.*

4. At oral argument appellant presented a somewhat different argument, suggesting that summary disposition of his contempt case was improper because the trial judge could not truthfully certify that appellant was absent between 2:49 (the time that the judge understood had been set for the hearing to resume) and 2:53 (when the judge actually resumed the bench). We are unpersuaded by this argument. As we read the record, appellant's contempt conviction resulted not from his admitted absence between 2:49 (or 2:45) and 2:53 but rather from his continued and self-prolonged absence after 2:53 and his failure to meet the obligations imposed on him by the rules of the Superior Court, *supra* note 1. Since these contemptuous acts did occur in the presence of the trial court, we rejected this argument first presented on appeal and not raised before the trial court by appellant.