**In the Matter of Gaillard T. HUNT, Appellant.**

**No. 79-882.**

District of Columbia Court of Appeals.

Argued May 21, 1980.

Decided Aug. 10, 1981.

Gaillard T. Hunt, pro se.

Thomas C. Hill, U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before KERN, MACK and PRYOR, Associate Judges.

KERN, Associate Judge:

Appellant was summarily found guilty of contempt pursuant to Super.Ct.Cr.R. 42(a) as a result of his late appearance at a scheduled trial.[1] Following the trial court's denial of appellant's motion for a new trial, he asked this court to reverse the conviction on grounds that the trial court proceeded under the incorrect rule, that the order of contempt did not sufficiently set forth the basis of the conviction and that the evidence was insufficient to support the conviction. *In re Hunt*, D.C.App., 367 A.2d 155 (1976) (*Hunt I*). A petition for rehearing en banc by this court and a petition for certiorari to the United States Supreme Court were both subsequently denied.

1. The pertinent facts relating to appellant's contempt conviction are detailed in *In re Hunt*, D.C.App., 367 A.2d 155 (1976).

Returning to the trial court, appellant requested that the judgment of contempt be vacated or, in the alternative, that the sentence be reduced. Appellant supplied documents and affidavits to demonstrate that he is generally a responsible, diligent and punctual attorney. The trial court denied the motion to vacate without considering the materials supplied by appellant. On a second appeal, a division of this court held that the trial court erred by not considering the evidence presented by appellant when ruling on the motion. The case was remanded and the trial court was instructed to reconsider appellant's motion and exercise its discretion in light of the supplemental materials. *In re Hunt*, D.C.App., 402 A.2d 834, 835 (1979) (*Hunt II*).

On remand, the trial court again denied appellant's motion to vacate "[u]pon review of the entire record, including the pertinent provisions of the [trial] transcripts . . . and the various exhibits, affidavits and memoranda submitted in support of the . . . motion." *In the Matter of Gaillard T. Hunt*, SP 1528–75, "Order Denying Motion to Vacate Judgment of Contempt, or in the Alternative, For a Reduction of Sentence," August 8, 1979. Appellant brings this appeal again challenging the trial court's refusal to vacate the contempt judgment.

Appellant first argues that the trial court abused its discretion or was plainly wrong by refusing to vacate the judgment. He claims it was error for the trial court to weigh the isolated experience of this case more heavily than appellant's long record of diligence when determining whether it was appropriate to impose a contempt conviction.

In *Hunt I* this court rejected appellant's claim that the contempt conviction was based on insufficient evidence and stated that "[i]t was clearly within the court's discretion to treat appellant's tardiness as an act of contempt. . . ." *Hunt I, supra*, 367 A.2d at 157–58.[2] Subsequently, in *Hunt II* this court remanded to the trial court for

a reexamination of the case in light of the new evidence presented by appellant and stated again that "the matters presented must be addressed by the trial court in the *exercise of its discretion.*" *Hunt II, supra* 402 A.2d at 835.

We are constrained to point out that while an individual's past actions may be material with regard to more recent conduct, *see, e. g., Hunt II, supra*, they will not necessarily excuse acts which alone constitute sufficient basis for sanction. Having found in *Hunt I* that the trial court had adequate evidence to make a discretionary judgment that appellant was in contempt of court and having invested the trial court in *Hunt II* with the discretion to evaluate appellant's submissions in support of his motion to vacate, we deem it inappropriate now to take that discretion from the trial court. The trial court did not err by refusing in its discretion to vacate the contempt conviction based on its review of the evidence appellant presented.

Appellant's second ground of appeal is that he was the victim of impermissible discrimination due to the practice he asserts to exist in the Superior Court of finding defense lawyers, who are late, in contempt of court while not imposing similar sanctions on prosecutors for similar conduct. We note that this issue was not raised in three prior appearances before the trial court or in either of appellant's previous appeals. We have consistently declined to consider issues raised at such a late stage in the proceedings and thus we do not consider this argument of the appellant presented here for the first time. *E. g., Valentine v. United States*, D.C.App., 394 A.2d 1374, 1376 (1978).

*Affirmed.*

MACK, J., dissents.

---

**2.** We note again that appellant's petition for en banc review of that holding has already been rejected.