### In the Matter of W. Edward THOMPSON, Appellant.

### No. 81-1178.

District of Columbia Court of Appeals.

Submitted Nov. 2, 1982.

Decided Dec. 8, 1982.

W. Edward Thompson, pro se.

Stanley S. Harris, U.S. Atty., Washington, D.C., with whom John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell and Wendy Bebie, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

---

Before MACK and FERREN, Associate Judges, and GALLAGHER, Associate Judge, Retired.

## PER CURIAM:

Appellant challenges the sufficiency of the evidence supporting his conviction for criminal contempt. He claims the evidence does not show beyond a reasonable doubt that he willfully and deliberately failed to appear at a status hearing on July 15, 1981.[1] We affirm.

 The offense of criminal contempt consists of a willful attempt to show disrespect for the court or to disrupt the proceedings. *In re Gorfkle,* D.C.App., 444 A.2d 934, 940 (1982). The necessary intent may be inferred if a lawyer's conduct demonstrates a reckless disregard for his professional duty. *Sykes v. United States,* 144 U.S.App.D.C. 53, 55, 444 F.2d 928, 930 (1971). An unexcused failure to make a timely appearance at a scheduled hearing can be found contemptuous. *See In re Gratehouse,* D.C.App., 415 A.2d 1388 (1980); *In re Schaeffer,* D.C.App., 370 A.2d 1362 (1977). When an attorney is unable to attend a scheduled hearing, he or she has an obligation at least to contact the court; an unexplained failure to attend may be contemptuous even if the attorney makes a good faith attempt to straighten out his conflicting obligations. *In re Hunt,* D.C.App., 367 A.2d 155, 157 (1976), *cert. denied,* 434 U.S. 817, 98 S.Ct. 54, 54 L.Ed.2d 72 (1977), *remanded,* 402 A.2d 834 (1979), *aff'd,* 434 A.2d 440 (1981).

 The judgment of the trial court is not to be set aside unless found to be plainly wrong or without supporting evidence. D.C.Code 1981, § 17–305(a). We agree with the trial court that appellant's failure to appear was a "purposeful neglect of his obligations to the Court" and that his "failure to appear impeded the administration of justice." Appellant testified at the show cause hearing that he knew he was required to appear at the status hearing but elected to attend a deposition in his office instead. He offered testimony that he asked an associate to fill his place, however, that associate did not testify at the show cause hearing either by testimony or by supporting affidavit, nor did this associate file a praecipe of his appearance.[2] For this reason the trial court did not find appellant's testimony persuasive or credible.

Appellant purposefully elected to attend the deposition rather than the status hearing. This was not his choice to make. *In re Gregory,* D.C.App., 387 A.2d 720, 723 (1978). He was aware of the conflicting deposition prior to receiving notice of the July 15 status hearing. He has a clear obligation to avoid scheduling conflicts, *In re Gratehouse, supra* at 1390, and "to personally inform the judge of his conflicting obligations." *In re Gregory, supra* at 722; Super.Ct.Civ.R. 104(c)(3), (4). Therefore, we reject appellant's claim and conclude that substantial evidence supported the trial court's finding that appellant purposefully neglected his professional obligations by failing to appear at the July 15 status hearing.[3]

*Affirmed.*

---

1. The status hearing involved an underlying civil case.

2. This associate was not counsel of record in the case and, in addition, did not actually appear.

3. There were two show cause orders issued in this case. One on July 15, 1981 and one on July 24, 1981 when appellant failed to appear for his first show cause hearing. Appellant asserts that he never received notice of the first hearing because notice had been mailed to an old address. The trial court noted in its Order dated August 28, 1981 that appellant failed to file a praecipe as required by then-Super.Ct. Civ.R. 10–1(b) (later modified). However, in a Memorandum of the Trial Court dated October 2, 1981, in response to appellant's motion to reconsider and vacate the contempt citation, the trial court indicated that Rule 10–1, having been modified, was not considered in either the August findings or the October memorandum.