### In the Matter of Jefferson KIRK, Appellant.

### In the Matter of Van JOHNSON, Appellant.

### Nos. 79–530, 79–543.

District of Columbia Court of Appeals.

Argued March 5, 1980.

Decided April 18, 1980.

Robert M. Greenspan, Silver Spring, Md., appointed by the court, for appellant Kirk.

William F. X. Becker, Rockville, Md., appointed by the court, for appellant Johnson.

Benjamin B. Sendor, Asst. U. S. Atty., Washington, D. C., with whom Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry, Michael W. Farrell and Richard C. Otto, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, NEBEKER and PRYOR, Associate Judges.

PER CURIAM:

These appeals evolve from adjudications of contempt, D.C.Code 1973, § 11–944, by the trial court for failure of appellants to obey subpoenas to reappear as witnesses in a criminal prosecution. Challenge is directed to the fact that the subpoenas were served by an attorney and also to the sufficiency of the evidence supporting the findings. We affirm.

Appellants Kirk and Johnson appeared in court without process as prospective witnesses for the defense in a criminal prosecution which was scheduled to begin on February 26, 1979. After being interviewed by the defense attorney in the case, they were each served with a subpoena by the attorney and, a little later, were introduced to the jury. At the end of the court day, counsel advised appellants that the trial was progressing and that they should return the next day. When they failed to reappear, the court subsequently conducted hearings and ultimately found them to be in contempt. After sanctions were imposed, this appeal followed.

At the show cause hearing, it was undisputed that the attorney representing the defendant in the criminal prosecution served each appellant with a subpoena dated February 26, 1979. The document directed that the recipient "not depart the court without leave thereof."

Appellant Kirk, a person eighteen years of age, testified that he received the subpoena but did not read it. Although he demonstrated during testimony that he could read, he stated that he put the paper aside and did not ask his mother to explain it to him as was his practice in several instances when he had been arrested. He also stated that he did not return to court because he feared he would be expected to give false testimony.

Appellant Johnson, also eighteen years of age, acknowledged that he received the subpoena and was capable of reading it, but

stated he did not understand it to be a court order. He admitted that he sought no explanation from anyone. He likewise indicated that he did not reappear because he wanted to avoid committing perjury.

■ Appellants contend initially that the attorney for the accused in the criminal prosecution was not a proper person to serve the subpoenas. However, Super.Ct. Cr.R. 17(d) states, in pertinent part, "a *subpoena* may be served by the marshal, by his deputy or by any other person who is not a party and who is not less than 18 years of age." The plain meaning of the Rule permits such service. We see no reason for interpreting the Rule otherwise. This view is also shared by some legal commentators. 8 Moore's Federal Practice ¶ 17.04, at 17–11 (2d ed. 1979); *Cf. United States v. Thomas*, 320 F.Supp. 527 (D.D.C.1970).

■ It is suggested that the subpoenas were defective on their faces because the stated hour for appearance of the witnesses had already passed when appellants were served. It is, therefore, urged that compliance was impossible. The argument would be persuasive if appellants had been cited under those circumstances, for being late in appearing in court. However, in this instance appellants, after being served, failed to reappear as directed. It is clear, as the subpoena states on its face, that there is a continuing obligation upon a witness to remain in attendance until released by the court. *In re Ragland*, D.C.App., 343 A.2d 558 (1975).

■ Both appellants also argue that the evidence does not support the findings of contempt. In general, contempt may be adjudicated where there is a wilful disobe-

dience of a court order. *See Sykes v. United States*, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971). In several decisions involving attorneys we have held that the wilful failure to appear in court as required may be punishable as contempt. *In re Hunt*, D.C.App., 367 A.2d 155 (1976); *In re Rosen*, D.C.App., 315 A.2d 151, *cert. denied*, 419 U.S. 964, 95 S.Ct. 224, 42 L.Ed.2d 178 (1974); *In re Nesbitt*, D.C.App., 313 A.2d 576, 578 (1973). Super. Ct.Cr.R. 17(g) * imposes a similar responsibility upon a witness. In cases of this nature, the culpable behavior can be a deliberate or reckless disregard of the obligation to appear. *In re Denney*, D.C.App., 377 A.2d 1360 (1977); *Sykes v. United States, supra*.

■ After a full hearing, the court found that each appellant knew that he was receiving a court paper and deliberately chose to disregard it. The evidence shows that on the first day of trial, both appellants appeared voluntarily as prospective witnesses. They were interviewed, served with subpoenas, introduced to the jury, and instructed to reappear. After a review of all the circumstances, the court found that appellants were without an adequate excuse for failing to obey the subpoenas. On this record, we do not find the judgment plainly wrong or without evidence to support it. D.C.Code 1973, § 17–305. Accordingly, we affirm.

*Affirmed.*

---

* Super.Ct.Cr.R. 17(g) reads as follows:

> *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court.